IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Olive Branch Holdings LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 6:06-cv-10 |
| | § | |
| Smith Technology Development, LLC, | § | |
| *Defendant* | § | |

---

## <u>MEMORANDUM OPINION AND ORDER</u>

---

On this day the Court considered the *Plaintiff's Unopposed Motion for Judgment on the Pleadings* (Docket No. 3).  After careful review of said motion, the Court is of the opinion that the same should be GRANTED.

In support of this Order, the Court makes the following findings of fact and conclusions of law:

1.    Defendant does not oppose the relief sought in Plaintiff's motion.

2.    The Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a), as there is complete diversity between the parties, and the amount in controversy, exclusive of interests and costs, is in excess of $75,000.

3.    Venue is proper in the United States District Court for the Eastern District of Texas based on 28 U.S.C. §1391(a), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district and the notes are payable in Van, Texas.

4.      Defendant's duly authorized agent signed and issued to Peter Schulze ("Lender") 32 promissory notes, which are identified in the table below (collectively, the "Notes"):

| Date of Note | Principal Sum | Date Due & Payable |
|---|---|---|
| 7/10/2000 | (500,000.00) | 12/31/2001 |
| 2/27/2001 | (250,000.00) | 12/31/2001 |
| 9/28/2001 | (150,000.00) | 12/31/2002 |
| 2/14/2002 | (100,000.00) | 12/31/2002 |
| 9/3/2002 | (250,000.00) | 12/31/2003 |
| 12/26/2002 | (50,000.00) | 12/31/2003 |
| 2/26/2003 | (50,000.00) | 12/31/2003 |
| 3/31/2003 | (50,000.00) | 12/31/2003 |
| 5/5/2003 | (50,000.00) | 12/31/2003 |
| 6/26/2003 | (25,000.00) | 12/31/2003 |
| 7/22/2003 | (25,000.00) | 12/31/2003 |
| 8/22/2003 | (25,000.00) | 12/31/2003 |
| 9/15/2003 | (50,000.00) | 12/31/2003 |
| 11/3/2003 | (50,000.00) | 12/31/2003 |
| 12/23/2003 | (50,000.00) | 12/31/2004 |
| 1/28/2004 | (50,000.00) | 12/31/2004 |
| 3/9/2004 | (50,000.00) | 12/31/2004 |
| 5/4/2004 | (50,000.00) | 12/31/2004 |
| 6/14/2004 | (50,000.00) | 12/31/2004 |
| 7/15/2004 | (50,000.00) | 12/31/2004 |
| 8/24/2004 | (50,000.00) | 12/31/2004 |
| 10/6/2004 | (50,000.00) | 12/31/2004 |
| 11/16/2004 | (50,000.00) | 12/31/2005 |
| 12/21/2004 | (50,000.00) | 12/31/2005 |
| 1/4/2005 | (50,000.00) | 12/31/2005 |
| 2/22/2005 | (50,000.00) | 12/31/2005 |
| 3/8/2005 | (50,000.00) | 12/31/2005 |
| 3/31/2005 | (50,000.00) | 12/31/2005 |
| 9/12/2005 | (30,000.00) | Demand note (demand made 1/3/06) |
| 10/11/2005 | (22,000.00) | Demand note |

| | | |
|---|---|---|
| | | (demand made 1/3/06) |
| 11/11/2005 | (20,000.00) | Demand note (demand made 1/3/06) |
| 12/16/2005 | (20,000.00) | Demand note (demand made 1/3/06) |

5.      In each of the Notes, Defendant promised to pay to the order of Lender the Principal Sum set forth in the table above, with interest at the rate of 7% per annum.

6.      In each of the Notes, the interest rate increased to 10% per annum when any amount due under the Notes was not paid when due.

7.      Each of the Notes was due and payable on the date specified in the table above at Lender's office in Van, Texas.

8.      Lender assigned the Notes to Plaintiff on January 3, 2006.

9.      By virtue of this assignment, Plaintiff became the legal and equitable owner and holder of the Notes and entitled to enforce the Notes.

10.      Plaintiff presented the Notes to Defendant for payment of all amounts due.

11.      Despite demand for payment to be made by Defendant, no payments have been made on the Notes.

12.      The Notes are not subject to any credits or offsets.

13.      Defendant's failure to pay amounts due under the Notes constitutes a default according to the terms of the Notes.

14.      All conditions precedent to the payment and enforcement of the Notes have been performed or have occurred.

15.    Defendant has no defenses to the collection and enforcement of the Notes.

16.    Defendant has no counterclaims against Plaintiff or Lender.

17.    As of January 10, 2006, Defendant owes Plaintiff on the Notes principal totaling $2,417,000 and interest totaling $762,953.18.

18.    Interest on the Notes accrues in the amount of $716.83 per day.

19.    According to the terms of the Notes, Defendant promised to pay collection costs including, without limitation, attorneys' fees in the event the services of an attorney were required to enforce the Note.

20.    As a result of Defendant's failure to pay the sums due and owing on the Notes as described in the foregoing paragraphs, Plaintiff was required to secure the services of attorneys to enforce the Notes.

21.    Defendant owes Plaintiff attorneys' fees in an amount equal to ten percent (10%) of all unpaid principal and interest at the date of judgment.  This amount is a reasonable charge for the services rendered in bringing this suit and enforcing the Notes. This amount is due and owing under the Notes.

22.    Plaintiff is entitled to judgment for $2,417,000 in principal, $762,953.18 in interest as of January 10, 2006, and $716.83 in interest per day from January 10, 2006 until the date judgment is entered.

23.    Plaintiff is further entitled to judgment for attorneys' fees in an amount equal to ten percent (10%) of all unpaid principal and interest (as described in the preceding paragraph).

24.     Plaintiff is also entitled to interest after judgment of 10% per annum as provided in the Notes.

25.     Plaintiff has shown good cause for the judgment entered in this case to be immediately registered in any other district pursuant to 28 U.S.C. §1963.

IT IS THEREFORE **ORDERED** THAT *Plaintiff's Unopposed Motion for Judgment on the Pleadings* (Docket No. 3) shall be, and hereby is, **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff shall have judgment against Defendant for $2,417,000 in principal, $762,953.18 in interest as of January 10, 2006, and $716.83 in interest per day from January 10, 2006 until the date judgment is entered.

IT IS FURTHER **ORDERED** that Plaintiff shall have judgment against Defendant for attorneys' fees in the amount of three hundred eighteen thousand six hundred forty dollars and forty-seven cents ($318,640.47), being ten percent (10%) of all unpaid principal and interest (as described in the preceding paragraph).

IT IS FURTHER **ORDERED** that Plaintiff shall have judgment against Defendant for $250.00 of court costs.

IT IS FURTHER **ORDERED** that Defendant shall pay postjudgment interest at the rate of 10% per annum as provided in the Notes from the date judgment is entered until the date the judgment is paid.

IT IS FINALLY **ORDERED** that, pursuant to 28 U.S.C. §1963, Plaintiff may immediately register the judgment entered in this case by filing a certified copy of the judgment in any other district.

**IT IS SO ORDERED.**

**SIGNED this 19th day of January, 2006.**

WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE